IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

**vs.**

Case No. 4:99cr22-RH
Case No. 4:06cv187-RH/WCS

**DANIEL WRIGHT,**

    **Defendant.**

_____/


## REPORT AND RECOMMENDATION ON MOTIONS

This cause is before the court on Defendant Wright's motion for extraordinary relief pursuant to Fed.R.Civ.P. 60(b)(6) and motion for judicial notice. Docs. 205 and 206. Defendant seeks relief from the judgment denying his original 28 U.S.C. § 2255 motion. Defendant also filed a request for the status of his motions, which is mooted by this recommendation. Doc. 207.

**Prior Proceedings**

Defendant's § 2255 motion was denied, and judgment entered on the docket on July 21, 2003. Docs. 151 and 154 (report and recommendation as adopted), and 155 (judgment). Defendant's motion to alter or amend the judgment was denied. Doc. 157.

A certificate of appealability was denied by this court and the court of appeals. Docs. 161 and 171.

Defendant then filed a Rule 60(b)(3) motion seeking relief from the § 2255 judgment. Doc. 175. The court denied relief, finding that Defendant was attempting to relitigate his § 2255 claims and circumvent the restrictions on filing a second or successive § 2255 motion. Docs. 176 and 181 (report and recommendation as adopted) (also providing that a certificate of appealability would not issue in the event of appeal). Defendant did not appeal.

Defendant sought leave to file a second or successive § 2255 motion, which was denied by the Eleventh Circuit on January 31, 2006. Doc. 204. Defendant filed the current motions for extraordinary relief and judicial notice on April 12, 2006 (the date of mailing).

Given the prior proceedings, Defendant must obtain authorization from the Eleventh Circuit before even filing a second or successive § 2255 motion. § 2255 (referencing § 2244); § 2255 Rule 9 (amended effective December 1, 2004) ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."). Absent authorization, this court lacks jurisdiction to consider a second or successive motion. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005), citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

**Claims Raised**

Defendant has styled his request for relief as pursuant to Rule 60 rather than § 2255, claiming that the court's ruling on his § 2255 motion was defective. Specifically, he challenges the undersigned's rejection of ineffective assistance of counsel claims based on asserted errors at sentencing. Doc. 205 pp. 1-3. The court determined:

> Even if Defendant could show attorney error in addressing the sentencing guidelines, he cannot show prejudice to the outcome because he was sentenced to the mandatory minimum prison term under the statute. This fact moots any claim of ineffective assistance of counsel as to sentencing guidelines calculations.

Doc. 151, p. 33 (see also pp. 32-33, quoting the court's statement at sentencing that "all this talk about obstruction and everything else . . . is going to make not one day's difference" in the sentence).

Defendant claims that this court erred in denying his motions to amend or supplement his § 2255 motion, including his attempts to supplement by filing an actual copy of the Government's notice of enhancement. Doc. 205, pp. 3-5. Defendant supplies a copy of the Government's notice of enhancement, which is doc. 32 in the record. Doc. 205, Ex. A.[1] Defendant asserts that the Government filed a notice of enhancement under § 841(b)(1)(B)(iii) rather than § 841(b)(1)(A)(iii). Doc. 205, pp. 4-5, referring to doc. 32. As § 841(b)(1)(B)(iii) refers to a crack cocaine offense of more than 5 grams, not the more serious offense with which he was charged of more than 50 grams, and the enhanced penalty for the more than 5 grams offense is only a 10 year

---

[1] The second page of the copy supplied by Defendant (as Ex. A to doc. 205) is barely legible, but the exhibit appears identical to the original (doc. 32). The notice provided that Defendant was charged with violations of §§ 841(a), 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii). Doc. 32, p. 1. He was therefore "subject to the enhanced penalties prescribed in Title 21, United States Code, Sections 841(a) and 841(b)(1)(B)." *Id.*, p. 2.

minimum mandatory prison term, Defendant claims the court's rationale for denying the § 2255 motion was faulty. He asserts that this purportedly faulty notice of enhancement also undermines the court's rejection of his § 2255 claim that counsel was ineffective in failing to advise him to enter a guilty plea. *Id.*, p. 5.

Defendant concludes that this is "a true Rule 60(b)(6) Motion in that it attacks only the defective reason for denying his ineffective assistance of Counsel Claims." *Id.*, p. 6. He claims that his motion is timely filed within one year of <u>Gonzalez v. Crosby</u>, 545 U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).[2]

In his request for judicial notice, Defendant asks the court to take notice that the notice of enhancement specifically said that enhancement would be pursuant to § 841(b)(1)(B) and not § 841(b)(1)(A)(iii), whereas the PSR provides that the enhanced penalty was pursuant to § 841(b)(1)(A)(iii). Doc. 206, pp. 1-2. Defendant asks the court to notice that the report and recommendation found the "20 year minimum was based on the statute set forth in the notice," and "specifically found that subsection (A), supra

---

[2] This court relied on the Eleventh Circuit's *en banc* decision in <u>Gonzalez v. Secretary for Dept. of Corrections</u>, 366 F.3d 1253 (11th Cir. 2004), in rejecting Defendant's previous Rule 60(b) motion. Doc. 176. The Supreme Court affirmed the Eleventh Circuit's judgment (because it found no entitlement to Rule 60(b) relief) but rejected the broad rule as to when a Rule 60(b) motion seeking relief from a 28 U.S.C. § 2254 judgment should be considered a second or successive petition. *See* <u>Jackson v. Crosby</u>, 437 F.3d 1290, 1294-95 (11th Cir. 2006) (discussing <u>Gonzalez</u>, and noting that the Supreme Court had granted certiorari on only one question and did not disturb the full *en banc* opinion). Even assuming that the discussion of Defendant's prior Rule 60(b) motion was flawed in light of the subsequent Supreme Court opinion in <u>Gonzalez</u>, that ruling has no bearing on whether the *current* motion is a true Rule 60(b) motion or should be treated as a second or successive § 2255 motion.

Case Nos. 4:99cr22-RH and 4:06cv187-RH/WCS

was actually the penalty sought in the enhancement." *Id.*, p. 2, referencing doc. 151 at p. 33.[3]

**Legal analysis**

The Supreme Court in <u>Gonzalez</u> explained the difference between a true Rule 60(b) motion and an unauthorized second or successive habeas corpus petition.[4] Subsections § 2244(b)(1) and (2) refer to "[a] claim presented in a second or successive habeas corpus application under section 2254" either "that was" (§ 2244(b)(1)) or "that was not" (§ 2244(b)(1)(2)) "presented in a prior application," so the Court found it clear that "an 'application' for habeas relief is a filing that contains one or more 'claims.' " 125 S.Ct. at 2647. A Rule 60(b) motion containing one or more "claims" for relief, *i.e.*, "an asserted federal basis for relief from a . . . judgment of conviction," is in substance a successive petition, or at least sufficiently similar to one to be treated accordingly. 125 S.Ct. at 2647 (agreeing with the circuit courts which had considered the question) (citations omitted).

---

[3] The referenced section of the report and recommendation did not cite § 841(b)(1)(A) or (B). It quoted the court's statement at sentencing regarding the twenty year statutory mandatory, and said that "[t]he statutory minimum mandatory term was based on *the statute* and the prior conviction (set forth in the notice of enhancement, see subsection A. *supra*)." Doc. 151, pp. 32-33 (emphasis added). Subsection A did not reference § 841, but addressed Defendant's claim that counsel should have objected to the notice of enhancement because he was not represented by counsel in the prior conviction. *Id.*, p. 6. The Government had supplied a copy of the conviction referenced in doc. 32, reflecting that Defendant was represented by counsel. *Id.*, p. 6 and n. 2.

[4] The Eleventh Circuit's opinion had addressed claims brought by two § 2254 petitioners (Gonzalez and Mobley) and one § 2255 movant (Lazo), and noted no material difference between § § 2254 and 2255 for purposes of Rule 60. 366 F.3d at 1262. Certiorari was only granted as to Gonzalez; certiorari was denied without opinion to Mobley (125 S.Ct. 965 (2005)), and Lazo did not seek certiorari. The Supreme Court expressly limited its consideration to § 2254 cases. 125 S.Ct. at 2646, n. 3.

A Rule 60 motion which brings a new ground for habeas relief "will of course qualify" as presenting a "claim." *Id.*, at 2648.

> A motion can also be said to bring a claim if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statute, entitled to habeas relief. This is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.*, at 2648 (footnotes omitted,[5] emphasis by the Court); *see also* 125 S.Ct. at 2649 (reiterating "the proposition that a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition."). When no "claim" is presented, a Rule 60(b) motion may proceed as such, and should not be deemed a second or successive petition. *Id.*, at 2648-50.

Section 2255 does not refer to "[a] claim presented in a second or successive" motion; rather it provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either newly discovered evidence establishing that no reasonable factfinder would have found guilt, or a new rule of constitutional law made retroactive on collateral review. § 2255 ¶ 8. Still, it references § 2244 (which contains the language addressed in Gonzalez), and it seems clear that a Rule 60 motion presenting a "claim" as defined by the Supreme Court in Gonzalez would be considered a second or successive § 2255 motion. *Cf.*, 366 F.3d at 1262 (noting as a preliminary matter that the court would not distinguish

---

[5] By "on the merits," the Court referred "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief." *Id.*, n. 4. A petitioner was not asserting such a determination by merely asserting error in a prior ruling precluding a merits determination. *Id.*

between the § 2254 and § 2255 cases before it, "because there is no material difference in the relevant statutory language, or in how issues arising from that language should be resolved. *[C]ompare* § 2244(b) *with* § 2255 ¶ 8.") (other citations omitted).  *See also* <u>United States v. Terrell</u>, 141 Fed.Appx. 849, 851, 2005 WL 1672122, *2 (11th Cir. 2005) (unpublished) (finding the "holding and rationale" of <u>Gonzalez</u> to "apply equally to § 2255" cases).

   Defendant's assertion that he is challenging the court's defective reason for denying his § 2255 motion does not save his motion; he is still asking the court to revisit its prior determination on the merits.  The § 2255 motion was denied with prejudice, and the court's determination of the basis for his enhancement, as well as rulings on discovery and amendment, were all part of the judgment.  Even if the procedural rulings could be separated from the merits, Defendant has not identified any changes in law or circumstances which would undermine the denial of his § 2255 motion or rulings on motions in that proceeding.  *Compare* <u>Gonzalez</u>, 125 S.Ct. at 2645 (Rule 60(b) motion based on a Supreme Court decision, issued after the initial § 2254 petition was dismissed as untimely, which showed that the district court's time bar ruling was incorrect).  Defendant's requests to supplement were granted as well as denied.  *See* doc. 144 at pp. 1-2 (Defendant's motion to supplement, setting forth the motions he had filed and the orders entered) and doc. 145 (order granting Defendant's motion to file affidavits, denying renewed motion for discovery and motion to supplement).  The request to supplement with a copy of the Government's notice of intent was denied as unnecessary because the notice was already part of the record.  Doc. 145, pp. 2-3.

Objections to the undersigned's orders[6] or to the report and recommendation were to be timely raised in the § 2255 proceeding and on appeal.  Indeed, Defendant states that he raised his argument as to improper enhancement by objection to the report and recommendation and in seeking a certificate of appealability.  Doc. 205, p. 3. Defendant both raised the claim *and* attached a copy of the notice of enhancement in his objections to the report and recommendation.  Doc. 153, pp. 1-2, 16-18, and attachment 3.  A comparison of the original notice of enhancement (doc. 32) with the copies Defendant attached to his motion to supplement (doc. 144), objections (doc. 153), and Rule 60(b) motion (doc. 205) reveals no differences between the original and the copies.  If there was error, it was certainly not for lack of a copy of document 32.

Defendant also raised the enhancement claim as a basis for authorization to file a second or successive § 2255 motion, and it was rejected as it was not new evidence and did not demonstrate actual innocence of the underlying offense.  Doc. 204, pp. 2-3.

In sum, Defendant has raised this claim previously and it has been rejected.  His Rule 60 motion "attacks the federal court's previous resolution of a claim *on the merits*," and is essentially an unauthorized second or successive § 2255 motion.  125 S.Ct. at 2648.  Alternatively, to the extent the claim could be construed as going to the integrity of the § 2255 proceedings, Defendant seeks reconsideration without new law or new evidence and has not demonstrated extraordinary circumstances justifying relief under

---

[6] A party may seek reconsideration by the district judge of any pretrial matter where the magistrate's order is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).  Objections to a pretrial order must be made within ten days, and "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."  Rule 72(a).  Defendant did not seek review under § 636(b)(1)(A) or Rule 72(a) of the undersigned's pretrial orders.

Case Nos. 4:99cr22-RH and 4:06cv187-RH/WCS

Rule 60(b).  *Cf.* Gonzalez, 125 S.Ct. at 2650-51 (even if the prior statute of limitations ruling was incorrect in light of a subsequent interpretation of the statute by Supreme Court, this was "hardly extraordinary" and did not justify relief under 60(b)).

**Recommendation**

It is therefore respectfully **RECOMMENDED** that Defendant Wright's motion for extraordinary relief pursuant to Fed.R.Civ.P. 60(b)(6) and motion for judicial notice, docs. 205 and 206, be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 21, 2006.


s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:99cr22-RH and 4:06cv187-RH/WCS